UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EDGAR FARMER,

      Petitioner,

v.                                Case No.  3:16cv161/LC/CJK

JULIE JONES,

      Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 1).  Respondent filed an answer, providing relevant portions of the state court record.  (Doc. 23).  Petitioner replied.  (Doc. 25).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments before the court show that petitioner is not entitled to habeas relief, and that the petition should be denied.

## BACKGROUND AND PROCEDURAL HISTORY[1]

On November 24, 2009, petitioner escaped from an Escambia County Jail work detail, and an arrest warrant issued. The following day, November 25, 2009, Escambia County law enforcement officers spotted petitioner driving a pickup truck and attempted to initiate a traffic stop. Petitioner fled and led officers on a high-speed car chase through Escambia County into Santa Rosa County. The chase ended when petitioner crashed his vehicle into the Escambia Bay in Santa Rosa County, attempted to flee by swimming away, and was apprehended by Santa Rosa County law enforcement. Santa Rosa deputies took petitioner into custody and booked him into the Santa Rosa County Jail on charges pending in that county. After the Santa Rosa County charges were resolved, on June 15, 2011, petitioner was served with the 2009 Escambia County arrest warrant for escape as well as a new warrant for fleeing and attempting to elude, and was booked into the Escambia County Jail. (Doc. 23, Ex. A, pp. 12-18, 61-63 (arrest reports and probable cause affidavits)).[2]

---

[1] The following facts are drawn from the arrest reports and probable cause affidavits, which are the stipulated factual bases for petitioner's plea.

[2] All references to exhibits are to those provided at Doc. 23. When a page of an exhibit bears more than one page number, the court cites the Bates stamp number appearing at the top left corner of the page. In the absence of a Bates stamp, the court cites the page number appearing at the bottommost center of the page.

Petitioner was charged in Escambia County Circuit Court Case Number 11-CF-2785 with escape, and in Case Number 11-CF-2786 with fleeing or attempting to elude a law enforcement officer in an agency vehicle with sirens activated at high speed. (Ex. A, pp. 10, 64 (charging documents)).   Petitioner resolved the charges by entering a counseled, negotiated plea agreement whereby he pled no contest to both charges in exchange for the State recommending a total sentence of 10 years in prison (5 years on each count to run consecutive to each other and concurrent with the sentence petitioner was then serving).   (Ex. A, pp. 19-29 (transcript of plea hearing), pp. 34-37 (plea agreement)).   The trial court accepted petitioner's plea and sentenced him consistent with the plea agreement.   (Ex. A, pp. 19-29 (plea and sentencing), pp. 38-46 (judgment)).   Judgment was rendered December 30, 2011. (*Id.*).   Petitioner did not immediately appeal, but was granted a belated appeal on March 22, 2013.   *Farmer v. State*, 109 So. 3d 341 (Fla. 1st DCA 2013) (copy at Ex. B, p. 20 (directing that: "Upon issuance of mandate, a copy of this opinion shall be furnished to the clerk of the lower tribunal for treatment as a notice of appeal.")). The mandate issued April 17, 2013.   (Ex. A, p. 40).   Petitioner's appellate counsel filed an *Anders*[3] brief, explaining that the appeal was wholly frivolous in that an

---

[3] *See Anders v. California*, 386 U.S. 738 (1967).

appeal from a guilty or no contest plea is not cognizable except under certain circumstances not present in petitioner's case. (Ex. C, pp. 1-10). Petitioner filed a *pro se* motion to voluntarily dismiss the appeal so he could pursue postconviction relief under Florida Rule of Criminal Procedure 3.850. (Ex. C, pp. 11-13). On March 7, 2014, the Florida First District Court of Appeal (First DCA) dismissed the appeal. (Ex. C, p. 14).

While his belated direct appeal was pending, petitioner filed a *pro se* motion to correct sentencing error under Fla. R. Crim. P. 3.800(b), on December 18, 2013. (Ex. A, pp. 71-83). The state circuit court denied relief on January 27, 2014. (Ex. A, pp. 84-93). Petitioner did not appeal.

On April 15, 2014, petitioner filed a *pro se* motion for reduction or modification of sentence under Fla. R. Crim. P. 3.800(c). (Ex. D, pp. 1-10). The state circuit court denied relief on September 15, 2014. (Ex. D, pp. 11-12). Petitioner did not appeal.

On September 22, 2014, petitioner filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Ex. E, pp. 1-15). The state circuit court struck the motion as legally insufficient with leave to amend. (Ex. E, pp. 16-17). Petitioner timely filed an amended motion (Ex. F, pp. 1-12). The state

circuit court denied relief (*id*., pp. 19-31), and the First DCA affirmed per curiam without opinion. *Farmer v. State*, 182 So. 3d 640 (Fla. 1st DCA 2016) (Table) (copy at Ex. I). The mandate issued February 2, 2016. (Ex. J).

While his Rule 3.850 proceeding was pending, petitioner filed a *pro se* motion for jail credit under Fla. R. Crim. P. 3.801, on September 30, 2014. (Ex. K, pp. 1-6). The state circuit court denied relief (*id*., pp. 7-19), and the First DCA affirmed per curiam without opinion. *Farmer v. State*, 178 So. 3d 399 (Fla. 1st DCA 2015) (Table) (copy at Ex. N). The mandate issued December 18, 2015. (Ex. Q).

Petitioner filed his federal habeas petition on April 13, 2016, raising two claims of ineffective assistance of trial counsel. (Doc. 1). Respondent asserts the petition is time-barred (doc. 23, pp. 6-8), and without merit (*id*., pp. 4-15).

## TIMELINESS

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs this petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1).  The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending.  28 U.S.C. § 2244(d)(2).

Petitioner has not asserted that a State-created impediment to his filing a federal habeas petition existed, that he bases his claim on a right newly recognized by the United States Supreme Court, or that the facts supporting his claim could not have been discovered through the exercise of due diligence before his conviction became final.  Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which petitioner's conviction became final.  *See* 28 U.S.C. § 2244(d)(1).

Respondent asserts that because petitioner voluntarily dismissed his belated direct appeal, the proceeding was a nullity, and his judgment became final for purposes of § 2244(d)(1)(A), when his initial time for seeking direct review expired, that is, 30 days after rendition of the December 30, 2011, judgment. (Doc. 23, p. 7). According to respondent, this result "falls within the rule" set out in *Gonzalez v. Thaler*, 565 U.S. 134 (2012).

In *Gonzalez*, the question was "when the judgment becomes 'final' if a petitioner does not appeal to a State's highest court." 565 U.S. at 149.  Mr. Gonzalez, a Texas state prisoner, timely pursued direct review of his criminal judgment in the state's intermediate appellate court (the Texas Court of Appeals).  Under Texas law, Gonzalez had a right to discretionary review in the state's highest court (the Texas Court of Criminal Appeals), but he did not seek such review.  *Gonzalez*, 565 U.S. at 150.  The Supreme Court held that "because Gonzalez did not appeal to the State's highest court, his judgment became final when his time for seeking review in the State's highest court expired." *Id.* at 150.  The Court rejected Gonzalez's argument that he was entitled to the 90-day period for seeking certiorari review in the United States Supreme Court, reasoning that the Court would have lacked jurisdiction over a certiorari petition from the Texas intermediate appellate court's decision.  The

Court explained: "We can review . . . only judgments of a 'state court of last resort' or of a lower state court if the 'state court of last resort' has denied discretionary review." *Id*. at 154 (*citing* 28 U.S.C. § 1257(a), and Sup. Ct. R. 13.1).

The present case, however, is more on point with *Jimenez v. Quarterman*, 555 U.S. 113 (2009). In *Jimenez*, a Texas state prisoner (Mr. Jimenez) did not initially seek direct review in the state's highest court, but was later granted a belated direct appeal. The Supreme Court addressed the question "whether the date on which direct review became 'final' under [§ 2244(d)(1)(A)] is October 11, 1996, when petitioner's conviction initially became final, or January 6, 2004, when the out-of-time appeal granted by the Texas Court of Criminal Appeals became final." *Jimenez*, 555 U.S. at 119. The Court held that the latter date controlled:

> Under the statutory definition [set forth in § 2244(d)(1)(A)] . . ., once the Texas Court of Criminal Appeals reopened direct review of petitioner's conviction on September 25, 2002, petitioner's conviction was no longer final for purposes of § 2244(d)(1)(A). Rather, the order "granting an out-of-time appeal restore[d] the pendency of the direct appeal," *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997), and petitioner's conviction was again capable of modification through direct appeal to the state courts and to this Court on certiorari review.
>
> . . . The statute requires a federal court, presented with an individual's first petition for habeas relief, to make use of the date on which the entirety of the state direct appellate review process was completed. . . .

> . . . We hold that, where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet "final" for purposes of § 2244(d)(1)(A). In such a case, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal.

*Id*. at 120-21 (second alteration in original) (footnote omitted).

Here, as in *Jimenez*, when the First DCA granted petitioner a belated direct appeal, his conviction was again capable of modification through direct review. Accordingly, the date his judgment became final "must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal." *Id*. at 121. Because petitioner voluntarily dismissed his belated direct appeal, his conviction became final for purposes of § 2244(d)(1)(A), on the date that appeal concluded.[4] Petitioner's belated direct appeal concluded on March 7, 2014, the date the First DCA issued its order dismissing the appeal pursuant to petitioner's voluntary dismissal. *See Silver v. State*, 964 So. 2d 180, 180 (Fla. 1st DCA 2007) (holding that prisoner's direct appeal concluded on the date the appellate court issued

---

[4] Petitioner is not entitled to the 90-day period for seeking certiorari review in the United States Supreme Court, because that Court would have lacked jurisdiction to review the trial court's judgment in the first instance.

an order granting his motion to voluntarily dismiss the appeal; rejecting lower court's ruling that the appeal was essentially a nullity because prisoner voluntarily dismissed it).  Calculating the finality of petitioner's judgment as March 7, 2014, and applying statutory tolling for his properly filed state applications for collateral review, petitioner's federal habeas petition is timely.[5]

## REVIEW OF PETITIONER'S CLAIMS

Petitioner claims trial counsel was ineffective for (1) failing to move to dismiss the escape charge due to expiration of Florida's speedy trial period, and (2) allowing petitioner to plead no contest to the escape charge even though the speedy trial period expired.  (Doc. 1, pp. 4-8).  Both claims are grounded in petitioner's contention that he was arrested on the escape charge on November 25, 2009. Petitioner asserts that Florida's 175-day speedy trial period began to run on November 25, 2009; that he was required to be brought to trial on or before May 19, 2010; and that because the State of Florida did not even formally charge him until after expiration of the 175-day speedy trial period, he was entitled to be forever

---

[5] Respondent argues that even if the court deems petitioner's judgment as not final until the conclusion of his belated direct appeal, the petition is still untimely.  (Doc. 23, p, 8).  This argument is based on the erroneous factual premise that petitioner's belated appeal was dismissed on April 17, 2013.  (*Id.*, p. 8).  The appeal was dismissed on March 7, 2014.  (Ex. C, p. 14).  April 17, 2013, is the date the First DCA issued its mandate granting petitioner a belated direct appeal.  (Doc. 23, Ex. A, pp. 40-41).

discharged from the crime.  Petitioner faults trial counsel for failing to move to discharge him and for failing to advise him he could challenge the escape charge on speedy trial grounds.  Petitioner states that had counsel filed a motion asserting violation of Florida's speedy trial rule, the escape charge would have been dismissed.  (Doc. 1, p. 6).  Petitioner further states that had he known he had a viable speedy trial claim on the escape charge, he would not have pled no contest to either charge, but instead "elected to preserve a speedy trial defense[ ] and jury trial on both cases."  (Doc. 1, pp. 6, 8).  The parties agree that petitioner presented his ineffective assistance claims to the state courts in his Rule 3.850 proceeding; that the state courts rejected the claims on the merits; and that AEDPA's deferential standard of review applies.  (Doc. 1, pp. 4-9; Doc. 23, pp. 8-15; Doc. 25, pp. 4-12).

Section 2254 Standard of Review

Federal courts are precluded from granting a habeas petition on a claim that was adjudicated on the merits in state court unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A state court's factual determinations are

presumed correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362 (2000).[6]  Justice O'Connor described the appropriate test:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412-13 (O'Connor, J., concurring).

Under the *Williams* framework, the federal court must first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision."  *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).  The law is "clearly

---

[6]Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367-75, 390-99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and – except as to the footnote – Scalia) in part II (529 U.S. at 403-13).  The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

established" only when a Supreme Court holding at the time of the state court decision embodies the legal principle at issue. *See Thaler v. Haynes*, 559 U.S. 43, 47 (2010); *Woods v. Donald*, 575 U.S. —, —, 135 S. Ct. 1372, 1376 (2015) ("We have explained that clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions." (internal quotation marks and citation omitted)).

After identifying the governing legal principle(s), the federal court determines whether the state court adjudication is contrary to the clearly established Supreme Court case law. The adjudication is not contrary to Supreme Court precedent merely because it fails to cite to that precedent. Rather, the adjudication is "contrary" only if either the reasoning or the result contradicts the relevant Supreme Court cases. *See Early v. Packer*, 537 U.S. 3, 8 (2002) ("Avoiding th[e] pitfalls [of § 2254(d)(1)] does not require citation to our cases – indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."). Where there is no Supreme Court precedent on point, the state court's conclusion cannot be contrary to clearly established federal law. *See Woods*, 135 S. Ct. at 1377 (holding, as to claim that counsel was *per se* ineffective in being absent from the courtroom for ten minutes during testimony concerning other

defendants:  "Because none of our cases confront the specific question presented by this case, the state court's decision could not be contrary to any holding from this Court." (internal quotation marks and citation omitted)).  If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim.  *See Panetti v. Quarterman*, 551 U.S. 930, 954 (2007).

If the "contrary to" clause is not satisfied, the federal habeas court next determines whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases.  The federal court defers to the state court's reasoning unless the state court's application of the legal principle(s) was "objectively unreasonable" considering the record before the state court.  *See Williams*, 529 U.S. at 409; *Holland v. Jackson*, 542 U.S. 649, 652 (2004).  The Supreme Court described the "unreasonable application" standard this way:

> When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong.  Federal habeas review thus exists as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal."  *Harrington, supra*, at 102-103, 131 S. Ct. 770 (internal quotation marks omitted).

*Woods*, 135 S. Ct. at 1376 (*quoting Harrington v. Richter*, 562 U.S. 86 (2011)). The

§ 2254(d) standard "is difficult to meet . . . because it was meant to be." *Richter*,

562 U.S. at 102.

Section 2254(d) also allows federal habeas relief for a claim adjudicated on

the merits in state court where that adjudication "resulted in a decision that was based

on an unreasonable determination of the facts in light of the evidence presented in

the State court proceeding." 28 U.S.C. § 2254(d)(2). The "unreasonable

determination of the facts" standard is implicated only to the extent the validity of

the state court's ultimate conclusion is premised on unreasonable fact finding. *See*

*Gill v. Mecusker*, 633 F.3d 1272, 1292 (11th Cir. 2011). As with the "unreasonable

application" clause, the federal court applies an objective test. *See Miller-El v.*

*Cockrell*, 537 U.S. 322, 340 (2003) (holding that a state court decision based on a

factual determination "will not be overturned on factual grounds unless objectively

unreasonable in light of the evidence presented in the state court proceeding."').

Federal courts "may not characterize . . . state-court factual determinations as

unreasonable merely because we would have reached a different conclusion in the

first instance." *Brumfield v. Cain*, 576 U.S. —, —, 135 S. Ct. 2269, 2277 (2015)

(quotation marks omitted).

Only if the federal habeas court finds that the petitioner satisfied AEDPA and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See Panetti*, 551 U.S. at 954. Even then, the writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).

Clearly Established Federal Law Governing Claims of Ineffective Assistance of Counsel in the Context of a No Contest or Guilty Plea

The two-part test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), applies to claims that counsel was ineffective during the plea process. *See Hill v. Lockhart*, 474 U.S. 52, 57 (1985) (applying *Strickland*'s two-part test to defendant's challenge to his guilty plea based on ineffective assistance of counsel). The petitioner must establish that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Trial counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. The burden to overcome that presumption and to show

that counsel's performance was deficient "rests squarely on the defendant." *Burt v.*

*Titlow*, 571 U.S. —, 134 S. Ct. 10, 17 (2013).

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v.*

*Kentucky*, 559 U.S. 356, 371 (2010). "Establishing that a state court's application

of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Richter*,

562 U.S. at 105. As the Court in *Richter* explained:

> The standards created by *Strickland* and § 2254(d) are both
> "highly deferential," and when the two apply in tandem, review is
> "doubly" so. The *Strickland* standard is a general one, so the range of
> reasonable applications is substantial. Federal habeas courts must
> guard against the danger of equating unreasonableness under *Strickland*
> with unreasonableness under § 2254(d). When § 2254(d) applies, the
> question is not whether counsel's actions were reasonable. The
> question is whether there is any reasonable argument that counsel
> satisfied *Strickland's* deferential standard.

*Id.* at 105 (citations omitted).

Review of State Court's Decision

Petitioner presented his ineffective assistance claims to the state courts in his

Rule 3.850 proceeding. (Ex. F, pp. 1-14). The state circuit court denied relief on

petitioner's first claim, explaining in relevant part:

> According to the arrest report, which was adopted as part of the
> factual basis pursuant to the plea, Defendant was arrested on November
> 25, 2009, in Santa Rosa County for charges pending there. (Exhibits
> A, B). The warrant on the escape charge was served on June 15, 2011.

(Exhibit C).   Defendant does not allege he informed counsel the Escambia County arrest warrant was served, and he was arrested on it on November 25, 2009, nor does he allege some other facts that would have led counsel to look beyond the record.  Therefore, counsel was not ineffective for failing to investigate and file a motion to dismiss. Moreover, the record documents refute his allegation that warrant number 09WAR030141 was served November 25, 2009.

(Ex. F, p. 20).  The circuit court denied relief on petitioner's second claim as follows:

Defendant claims counsel was ineffective for allowing him to enter a plea to the escape charge where the speedy trial time had expired.  Again, defendant fails to allege facts showing counsel was ineffective for failing to investigate his escape case to discover the speedy trial period had expired.  Also, the record refutes Defendant's allegation that the speedy trial period had expired prior to his arrest and service of warrant number 09WAR030141 on June 15, 2011.  Thus, Defendant's claim is without merit.

(*Id*., pp. 20-21).  The First DCA summarily affirmed.  (Ex. I).

The relevant decision for purposes of 28 U.S.C. § 2254, is the First DCA's summary affirmance which is the final state court adjudication on the merits of petitioner's claim.  *See Richter*, 562 U.S. at 99-100; *Wilson v. Warden, Ga. Diagnostic Prison*, 834 F.3d 1227, 1235 (11th Cir. 2016) (defining the relevant decision for purposes of § 2254 review as the state appellate court's summary affirmance of the lower tribunal's decision), *cert. granted*, No. 16-6855, 2017 WL 737820 (U.S. Feb. 27, 2017).  Where, as here, "the last adjudication on the merits provides no reasoned opinion, federal courts review that decision using the test

announced in *Richter*." *Wilson*, 834 F.3d at 1235. *Richter* allows habeas relief only

when "there was no reasonable basis for the state court to deny relief." *Richter,* 562

U.S. at 98. "[A] habeas court must determine what arguments or theories supported

or, as here, could have supported, the state court's decision; and then it must ask

whether it is possible fairminded jurists could disagree that those arguments or

theories are inconsistent with the holding in a prior decision of [the] Court." *Id.* at

102.

Petitioner argues that the state court's rejection of his claims was based on an

unreasonable determination of the facts because the court failed to conduct an

evidentiary hearing to flesh out trial counsel's explanation for his inaction on the

speedy trial issue. (Doc. 25, p. 6). This argument is without merit. A state court's

failure to conduct an evidentiary hearing does not *per se* render its factual

determinations unreasonable. *See, e.g., Shriro v. Landrigan*, 550 U.S. 465, 476

(2007) (holding that state court's factual finding was reasonable under § 2254(d)(2),

despite the absence of an evidentiary hearing); *Landers v. Warden, Attorney Gen. of

Ala*., 776 F.3d 1288, 1297 (11th Cir. 2015) (concluding that "an evidentiary hearing

in state court cannot be a requirement for § 2254(d)(2) deference for all disputed

factual issues in a state court proceeding"). The record amply supports the state

Case 3:16-cv-00161-LC-CJK   Document 26   Filed 01/31/18   Page 20 of 23

*Page 20 of 23*

circuit court's factual determinations, and the First DCA reasonably could have adopted them.  (*See* Ex. A, pp. 12-18, 61-63 (arrest reports and probable cause affidavits relating to Escambia County charges)).

Based on the state court's factual determinations, the First DCA reasonably could have concluded that petitioner failed to establish deficient performance for the reasons outlined in the lower court's order.  The arrest report and service return on the warrant in petitioner's escape case indicate that although the arrest warrant issued November 24, 2009, it was not served until June 15, 2011.  (Ex. A, pp. 13, 15).  To the extent petitioner relies on information that was not part of his Escambia County court files (i.e., his own recollection of his arrest and his interpretation of records from the Santa Rosa County cases), he fails to establish counsel acted unreasonably, because he did not allege in state court that he informed trial counsel of that information.  *See Strickland*, 466 U.S. at 691 ("Counsel's actions are usually based . . . on information supplied by the defendant."); *see also, e.g., Holladay v. Haley*, 209 F.3d 1243, 1251-52 (11th Cir. 2000) ("Counsel have a duty to investigate but this duty is confined to reasonable investigation."); *Funchess v. Wainwright*, 772 F.2d 683, 689-90 (11th Cir. 1985) (finding counsel was not ineffective for failing to investigate a defendant's prior mental health difficulties because he never told

*Case No. 3:16cv161/LC/CJK*

counsel of any problems and the competency evaluation did not indicate that any problems existed).  Counsel was not unreasonable for relying on the records in the underlying court file, in the absence of contrary information.

The state court's rejection of petitioner's claims was not contrary to, and did not involve an unreasonable application of, the *Strickland* standard.  Nor was the decision based on an unreasonable determination of the facts.  Petitioner is not entitled to federal habeas relief.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2254 Rule 11(a).  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El*, 537 U.S. at 336 (*quoting* 28 U.S.C. § 2253(c)).  "At the COA stage, the only question is

whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774 (2017) (*quoting Miller-El*, 537 U.S. at 327). The petitioner here cannot make the requisite showing. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus (doc. 1), challenging the judgment of conviction and sentence in *State of Florida v. Edgar Boyd Farmer*, Escambia County Circuit Court Case Nos. 11-CF-2785 and 11-CF-2786, be DENIED.

2. That the clerk be directed to close the file.

3.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 31st day of January, 2018.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.